﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190703-56330
DATE: April 30, 2020

ORDER

Entitlement to an initial 10 percent rating, but no higher, for a chin scar is granted.

REMANDED

Entitlement to service connection for traumatic brain injury and headaches is remanded.

Entitlement to service connection for a dental disability for compensation purposes, to include tooth loss, is remanded.

Entitlement to service connection for a jaw disability is remanded.

Entitlement to service connection for a knee disability is remanded.

Entitlement to service connection for an ankle disability is remanded.

FINDING OF FACT

The Veteran has one painful scar; he does not have three or four scars that are unstable or painful.

CONCLUSION OF LAW

The criteria for an initial disability rating of 10 percent for a chin scar have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.118, DC 7804.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from April 1979 until May 1982.

These matters are on appeal to the Board of Veterans’ Appeals (Board) from April and May 2018 Department of Veterans Affairs (VA) regional office (RO) rating decisions.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

The Veteran timely appealed and selected the evidence review lane, which allows for the submission of additional evidence for up to 90 days. Pursuant to this statutory framework, the Board will only review evidence submitted by the Veteran prior to August 2019, and therefore, the Board is precluded from reviewing the March 2020 private opinion. The Board notes that all other evidence was submitted within the 90-day time frame and has been reviewed. The claim is now ready for adjudication.

Increased Ratings

Disability evaluations are determined by the application of a schedule of ratings which is based on average impairment of earning capacity. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4. The Board should consider only those factors contained in the rating criteria. Massey v. Brown, 7 Vet. App. 204 (1994).

Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

The veteran’s entire history is to be considered when making disability evaluations. See generally 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). Where an increase in the level of a service-connected disability is at issue, the primary concern is the present level of disability. Francisco v. Brown, 7 Vet. App. 55 (1994). However, where the question for consideration is entitlement to a higher initial rating assigned following the grant of service connection, evaluation of the medical evidence since the effective date of the grant of service connection and consideration of the appropriateness of staged rating (assignment of different ratings for distinct periods of time, based on the facts found) is required. Fenderson v. West, 12 Vet. App. 119, 126 (1999).

1. Entitlement to an initial compensable disability rating for a chin scar

The Veteran currently has a noncompensable rating under Diagnostic Code 7800 for his chin scar.

Diagnostic Code 7800 pertains to burn scar(s) of the head, face, or neck; scar(s) of the head, face, or neck due to other causes; or other disfigurement of the head, face, or neck. 38 C.F.R. § 4.118, Diagnostic Code 7800. Under this diagnostic code, a 10 percent evaluation is warranted for a scar with one characteristic of disfigurement. A 30 percent evaluation is assigned for scars with visible or palpable tissue loss and either gross distortion or asymmetry of one feature or paired set of features (nose, chin, forehead, eyes (including eyelids), ears (auricles), cheeks, lips), or; with two or three characteristics of disfigurement. A 50 percent evaluation is assigned for scars with visible or palpable tissue loss and either gross distortion or asymmetry of two features or paired sets of features (nose, chin, forehead, eyes (including eyelids), ears (auricles), cheeks, lips), or; with four or five characteristics of disfigurement. An 80 percent evaluation is warranted for visible or palpable tissue loss and either gross distortion or asymmetry of three or more features or paired sets of features (nose, chin, forehead, eyes (including eyelids), ears (auricles), cheeks, lips), or; with six or more characteristics of disfigurement. Id.

Note (1) provides that the eight characteristics of disfigurement, for purposes of evaluation under § 4.118, are the following: (1) scar 5 or more inches (13 or more cm. in length); (2) scar at least one-quarter inch (0.6 cm.) wide at widest part; (3) surface contour of scar elevated or depressed on palpation; (4) scar adherent to underlying tissue; (5) skin hypo- or hyper-pigmented in an area exceeding 6 square inches (39 sq. cm.); (6) skin texture abnormal (irregular, atrophic, shiny, scaly, etc.) in an area exceeding 6 square inches (39 sq. cm.); (7) underlying soft tissue missing in an area exceeding 6 square inches (39 sq. cm.); (8) skin indurated and inflexible in an area exceeding 6 square inches (39 sq. cm.). Id.

The Veteran’s chin scar could also be rated pursuant to Diagnostic Code 7804. Under this diagnostic code, a 10 percent rating is warranted for one or two scars that are unstable or painful. An unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar. Id., Note (1). If one or more scars are both unstable and painful, 10 percent is to be added to the evaluation that is based on the total number of unstable or painful scars. Id., Note (2). 

The Board notes that amendments were made to the criteria for rating the skin, effective August 13, 2018. See 83 Fed. Reg. 32,592 (July 13, 2018). The amendments did not change the criteria for rating scars under Diagnostic Codes 7800 and 7804.

The Veteran was afforded a VA examination for his chin scar in May 2018. Therein, the examiner noted that the Veteran has a scar on his chin about 8 centimeters in length and 0.1 centimeters in width. The Veteran reported pain as throbbing in cold weather and described the bottom of his chin as “tight.” The scar was not noted as unstable, nor was it noted to be elevated or depressed, hypo-or hyper-pigmented, or have an abnormal skin texture. Only one painful scar was noted.

Given the above, the Board finds that the criteria for a 10 percent rating under Diagnostic Code 7804 have been met. Specifically, the May 2018 VA examination indicated that the Veteran has 1 scar that is painful in colder weather and that the bottom of his chin feels “tight.” The presence of one painful scar aligns with a 10 percent disability rating under Diagnostic Code 7804.

However, the Board also finds that an initial rating in excess of 10 percent is not warranted. As referenced above, the evidence does not show that the Veteran has 3 or 4 scars that are unstable or painful. Further, the evidence fails to show that the scar resulted in limitation of function or any of the 8 characteristics of disfigurement. Therefore, a rating in excess of 10 percent is not warranted. 

Accordingly, the Board finds that the criteria for an initial 10 percent rating for a chin scar are satisfied. See Diagnostic Code 7804. To this extent, the claim is granted.

REASONS FOR REMAND

1. Entitlement to service connection for a traumatic brain injury and headaches is remanded.

2. Entitlement to service connection for a dental disability, to include tooth loss, is remanded.

3. Entitlement to service connection for a jaw disability is remanded.

4. Entitlement to service connection for a knee disability is remanded.

5. Entitlement to service connection for an ankle disability is remanded.

These issues of entitlement to service connection must be remanded to correct a duty to assist error that occurred prior to the April 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) did not obtain VA examinations for these claims prior to the April 2018 rating decision on appeal. However, based on the evidence associated with the claims file prior to the April 2018 rating decision, the Board finds that VA examinations and medical opinions are required to determine whether the Veteran’s traumatic brain injury and headaches, dental disability, jaw disability, knee disability, or ankle disability are related to service.

In-service treatment records reflect that the Veteran sought treatment in January to April 1982 for dizziness, toothaches, left ear pain, difficulty breathing, inability to focus his eyes, and jaw pain after getting hit in the head with a tank hatch in September 1981. The Veteran also sought treatment for left knee pain in February 1980 after his vehicle rolled over on its side. 

Although the Veteran has not submitted any post-service treatment records, he has indicated that he still suffers lingering effects to his head, knee, and ankle from his time in service. See November 2017 Lay Statement. Importantly, although the May 2018 chin scar VA examination sheds light on the Veteran’s claimed head injuries before the Board, it does not describe or explain the nature of any residuals of those injuries.

Given the above, and especially considering the significant trauma the Veteran sustained in service, VA examinations should have been obtained prior to the issuance of the April 2018 rating decision. 38 U.S.C. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of his claimed traumatic brain injury and headaches.

The examiner must provide a diagnosis of all residuals of traumatic brain injury found to be present. For each such residual found to be present, the examiner must opine whether it is at least likely as not related to service.

The examiner must also discuss the nature and etiology of the Veteran’s headaches. The examiner must opine whether it is at least likely as not that the Veteran’s headaches are a residual of his in-service head injury, began in service, or are otherwise related to service.

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of his dental disability, to include tooth loss.

The examiner must opine whether it is at least likely as not that any currently diagnosed dental disability, to include tooth loss, began in or is otherwise etiologically related to service, to include the in-service head injury. The examiner should also discuss whether the Veteran’s dental problems are separate or a symptom of his in-service head injury.

3. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of his jaw disability.

The examiner must opine whether it is at least as likely as not that any diagnosed jaw disability began in or is otherwise etiologically related to the Veteran’s service, to include the in-service head injury. The examiner should also discuss whether the Veteran’s jaw pain is separate or a symptom of his in-service head injury.

4. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of his knee disability.

The examiner must opine whether it at least as likely as not that any diagnosed knee disability began in service, within one year of service, or is otherwise related to service, to include the February 1980 motor vehicle accident.

5. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of his ankle disability.

The examiner must opine whether it at least as likely as not that any diagnosed ankle disability began in service, within one year of service, or is otherwise related to service, to include the February 1980 motor vehicle accident.

A rationale should be provided for all opinions offered. 

 

 

Caroline B. Fleming

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Finelli, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.